### THE INDIANAPOLIS.

(Circuit Court of Appeals, Ninth Circuit.  February 24, 1913.)

No. 2,183.

COLLISION (§ 85*)—STEAM VESSELS IN FOG—EXCESSIVE SPEED.

The finding of a trial court, based on conflicting evidence, that a collision between two steam vessels on converging courses in Puget Sound was due to the fault of both vessels in running at excessive speed in a fog, held sustained by the evidence.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 166, 169; Dec. Dig. § 85.*

[Collision rules, speed of steamers in fog, see note to The Niagara, 28 C. C. A. 532.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; C. H. Hanford, Judge.

Suit in admiralty for collision by the Kitsap County Transportation Company, owner of the steamer Kitsap, against the steamship Indianapolis, the International Steamship Company, claimant, and cross-libel against the Kitsap. Decree dividing damages.

The Kitsap County Transportation Company, owner of the steamer Kitsap, libeled the steamship Indianapolis, her engines, boilers, tackle, apparel, and furniture, for damages growing out of a collision in the waters of Puget Sound between the Kitsap and the Indianapolis, and praying, among other things, that the latter be condemned to pay the damages alleged to have been sustained by the Kitsap and the costs of the libel. Process having been issued and served upon the steamship, the International Steamship Company as owner and claimant of the Indianapolis filed an answer to the libel and also a cross-libel against the steamer Kitsap, in which answer and cross-libel the claimant and cross-libelant asked that the original libel be dis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THE INDIANAPOLIS

261

missed with costs, and that the steamer Kitsap, her engines, boilers, tackle, apparel, and furniture be condemned to pay the demands of the cross-libelant, with costs. Proofs having been taken on behalf of the respective parties and submitted to the trial court, the judge thereof found and decreed that the collision mentioned in the pleadings was caused by the mutual fault of the steamer and steamship, and accordingly adjudged a division of the damages resulting from such collision, that the damages sustained by the Kitsap amounted to $32,666.87, and that the damages sustained by the Indianapolis amounted to $5,451.50, and, dividing the damages, that the claimant and cross-libelant pay to the libelant the sum of $13,607.68, but that neither party to the action should recover costs against the other, and that no interest should be allowed to either. The trial court further found and adjudged that the libelant was entitled to damages in the nature of demurrage for a period of 139 days, consumed in making temporary and permanent repairs to the Kitsap, which damages the court in its decree fixed at the rate of $50 a day. Both the libelant and the cross-libelant appealed from the decree.

W. H. Bogle, Carroll B. Graves, F. T. Merritt, and Lawrence Bogle, all of Seattle, Wash., for appellant.

Ira Bronson, of Seattle, Wash., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). The cause was referred by the court below to the court commissioner, before whom all of the testimony and other evidence was taken, none being given before the trial court. Upon the record so made the court below found, among other things, as follows:

"The Kitsap is a wooden passenger steamboat 135 feet in length, and at the time of the collision was starting on her regular run from pier 4 in Seattle harbor to Paulsbo on the west side of Puget Sound. At 4:35 p. m. she backed away from the south side of pier 4 under a slow bell, the general direction of her backward movement being northwest. After backing sufficiently to clear the face of the docks, she reversed and went ahead, curving to starboard until she came around on her regular course headed for four-mile rock on the north shore of the harbor. The Indianapolis is a much larger vessel than the Kitsap, and has a steel hull, and was employed as a carrier of passengers on a regular run between Tacoma and Seattle. At 4:33 p. m. she was coming from Tacoma, and near the bell buoy off Duwamish Head on the west side of Seattle harbor and was running at reduced speed, but she then increased to full speed, which was 15 knots per hour or approximately 1,500 feet per minute. From the time the Kitsap started both vessels were giving fog signals by blasts of their whistles at intervals of from 10 to 20 seconds. The time of the collision was 4:40 p. m. The facts of the case as thus far recited are clearly proved by uncontradicted evidence. The evidence is conflicting as to the exact place where the collision occurred, but from a preponderance of the evidence the court finds as a fact that the place where the two vessels came in contact with each other was opposite the slip between the Grand Trunk and Colman docks, and distant from the outward ends of the docks about 1,500 feet, and from the bell buoy off Duwamish Head, by measurement on the government chart of the harbor, nearly 10,500 feet, and to make that distance in 7 minutes required the Indianapolis to run her maximum speed. No attempt was made on either vessel to avoid the collision by operating the helm to change her course so that, when the vessels came together, they were on converging lines—the Kitsap headed obliquely across the bow of the Indianapolis. The Indianapolis rammed the Kitsap on her port side in the vicinity of her pilot house, and cut into her hull to a depth of about seven feet. The court finds as a fact that at the moment of the impact both vessels were moving ahead with con-

siderable momentum, and rejects as untrue all evidence to the contrary, because the force of the collision corroborates the positive testimony on each side, respectively, that the other vessel was seen to be coming with good speed, and the conclusion is unavoidable that the collision was caused by navigating both vessels at a high rate of speed in a dense fog, and both are equally in fault."

Both parties to the present appeal complain of the findings of the trial judge; the owner of the Kitsap contending that the court erred in finding any fault on its part, and in failing to award it the full amount of damages claimed both for injury sustained by that vessel as also for the failure of the court to award it the full amount of demurrage and interest claimed, and the claimant insisting that the trial court erred in finding the Indianapolis guilty of any fault and in failing to award it the full amount of damage alleged to have been sustained by her owner by reason of the collision.

We have given the voluminous record very careful consideration, and have come to the conclusion therefrom, in view of the very substantial conflict in the evidence, that we would not be justified in holding that the court below was in error in its findings of fact. Still less do we think the trial court should have awarded the owner of the Kitsap a larger amount either by way of interest, increased demurrage, or other damages.

The judgment is affirmed.